**Garnik ZARGARYAN, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–74740.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 13, 2005.

Garnik Zargaryan, Glendale, CA, pro se.

CAC-District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Marshall Tamor Golding, Esq., Susan K. Houser, Esq., Washington, DC, for Respondent.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM ***

Garnik Zargaryan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of re-

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

moval and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA conducted a de novo review of the record and made an independent determination of whether relief is appropriate, this Court reviews the decision of the BIA. *See Molina–Morales v. INS,* 237 F.3d 1048, 1050 (9th Cir.2001). We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Zargaryan contends that the IJ erred by finding that he was not credible and that he did not establish past persecution. We disagree. Even assuming Zargaryan testified credibly, substantial evidence supports the BIA's conclusion that Zargaryan failed to establish that any harm he suffered was due to a protected ground. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir. 2000).

Because Zargaryan did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

This court declines to consider Zargaryan's CAT claim because he failed to exhaust the issue with the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004).

PETITION FOR REVIEW DENIED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.